**Kala SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 04–73746.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.\*

Filed March 25, 2008.

Kala Singh, Brooklyn, NY, pro se.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

584

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Kala Singh, native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's credibility and factual findings, and we deny the petition for review. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony lacked specificity and because he lacked knowledge regarding the leaders, members and structure of the Akali Dal Mann party. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999); *Vera–Villegas v. INS,* 330 F.3d 1222, 1232 (9th Cir.2003). Substantial evidence also supports the adverse credibility finding because of the material inconsistencies regarding the number of rallies and demonstrations he attended. *See Pal v. INS,* 204 F.3d 935, 938, 940 (9th Cir.2000).

Without credible testimony, Singh failed to carry the burden of establishing eligibility for asylum or withholding of removal. *See Singh–Kaur,* 183 F.3d at 1149.

Because Singh failed to establish that it is more likely than not that he would be tortured if returned to India, substantial evidence supports the agency's denial of CAT relief. *See Almaghzar v. Gonzales,* 457 F.3d 915, 922–23 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

